## JACKSON MARINE SALES, INC. *v.* STATE DEPARTMENT OF ASSESSMENTS AND TAXATION

[No. 1228, September Term, 1975.]

*Decided June 30, 1976.*

The cause was argued before MORTON, GILBERT and LOWE, JJ.

*Joel L. Katz,* with whom was *Barry J. Dalnekoff* on the brief, for appellant.

*Ward B. Coe, III, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

The seemingly simple issue to be decided here has the appearance of an elementary school riddle:

"When is a boat not a boat?"

The answer,

"When it is inventory",

is, like most answers to riddles, obscured by its obviousness.

Appellant, Jackson Marine Sales, Inc., is a Pennsylvania Corporation selling boats in Cecil County, Maryland. As most of us are wont to do, it sought whatever tax exemptions it might lawfully claim. Md. Code, Art. 81, § 9A, upon which it chose to base its claim for exemption from personal property taxation, begins by stating:

> "The following *tangible personal property* shall be exempt from assessment and from State, county and city ordinary taxation, except as otherwise stated herein, each and all of which exemptions shall be strictly construed:" (Emphasis added).

There follows a list enumerating various types of property to be exempted, including commercial inventory; however, the exemption of commercial inventory is "[f]rom county and city taxation only" and is qualified by subsections relating to exceptions to that exemption from local taxation in certain counties. Commercial inventory or "the stock in business of every person, firm or corporation engaged in any manufacturing or commercial business" is not exempted from State taxation but only from local taxation. The Legislature having left to local option the imposition of county or city inventory taxes, while keeping such inventories subject to full State taxation, indicated by that dual treatment in § 9A that it distinguished between certain personal property which constituted stock in trade and the same property owned individually for general use.

Also included among the long list of exemptions is one

applying to the primary item appellant stocks for sale. Subsection (g) of § 9A exempts:

"All ships, vessels, boats, or watercraft of whatever kind, which are not more than one hundred feet in overall length or which are regularly engaged in commerce in whole or in part, outside the territorial limits of the State . . . ."

It should be noted that the Legislature has not exercised local option as to this exemption and it applies both to State and local taxation.

Because the boats comprising appellant's stock in trade were under 100 feet,[1] appellant applied for an exemption from personal property taxation, relying upon this subsection. It also sought a refund of taxes it claimed were erroneously paid for the preceding five years. The State Department of Assessments and Taxation denied the application for exemption and refund. This was followed by similar denials by the Maryland Tax Court and the Circuit Court for Cecil County.

In interpreting the exemption for boats, which as then written, employed basically the same language as the present subsection, the Attorney General, in an opinion reported at 46 Op. Att'y Gen. 233 (1961), determined that the boat exemption was like other exemptions for personal property provided at that time (e.g., motor vehicles and wearing apparel) and was not applicable when the subject items constituted stock in trade. The opinion further reasoned that the Legislature had tacitly endorsed the administrative interpretation by the Department of Assessments and Taxation, that the boat exemption was not applicable to boats which are stock in trade or held as inventory, by failing to amend the subsection to provide to

---

[1]. An additional contention by appellant is that it falls under the alternative language of § 9A (g) exempting boats "regularly engaged in commerce in whole or in part, outside the territorial limits of the State . . . ." Appellant argues that because its boats are delivered from outside the State for sale here, that exemption should apply. The short answer is that upon delivery and presentation for sale here the boats are no longer "regularly" engaged in commerce outside the State.

the contrary even though it had had ample opportunity to do so, having added sixteen exemptions after the 1961 opinion was written. We find that reasoning to have magnified merit today, some fifteen more years having elapsed without any legislative change.

Appellant places singular emphasis upon the statutory use of the prefatory adjective "All" in subsection (g), and argues that the subsection carries no limitation to boats privately owned so as to exclude boats comprising inventory, reciting the first rule of legislative interpretation, *i.e.*, that legislative intent is first to be sought in the words of the statute, *Atlantic, Gulf v. Dep't of Assess. & T.*, 252 Md. 173, 177. While it is arguable that the omission of any qualification as to a boat's ownership or use (as in subsection (k) exempting property located at a taxpayer's residence) connotes that the exemption should apply to boats held as stock in trade as well as those owned privately, it is more probable that, having dealt separately and in a different manner with the exemption from taxation of commercial inventories in subsection (e), the Legislature intended the exemption of boats in subsection (g) to apply only to boats *other than* those which comprised "stock in business" of a commercial enterprise. This is a more reasonable interpretation and coincides with the interpretation adopted by the Department of Assessments and Taxation since its passage, and with the 1961 opinion of the Attorney General abovementioned.

That the Legislature viewed a boat (or other object) in one light when personally owned and used, and in another light when held by a retailer as part of stock in trade or inventory, is further supported by the statutory enumeration of taxable property in § 8 of Art. 81. Section 8 (2) describes tangible personal property as distinguished from the stock in business of manufacturing or commercial business, made taxable by § 8 (6). Moreover, different standards of assessment are prescribed for personal property generally, § 14 (b) (2) (full cash value), than for stock in business or inventory, § 15 (fair average value). See *St. Dep't of A. & T. v. Greyhound Comp.*, 271 Md. 575, 584.

The exemption statute itself directs that "exemptions shall be strictly construed," § 9A (a). Furthermore, if there is any real doubt as to whether an exemption applies in a particular circumstance, the Court of Appeals directs us to resolve that doubt in favor of the State. *Perdue v. St. Dep't of Assess. & T.*, 264 Md. 228, 232-233; *Macke Co. v. St. Dep't of Assess. & T.*, 264 Md. 121, 133.

Doubt obviously existed on the subject before 1961 when the interpretation of the exemption here under consideration was prayed of, and granted by, the Attorney General. It is significant that the agency interpretation existed seven years before the Attorney General's opinion and during that time no change was forthcoming from the Legislature. Even in the fifteen years since the Attorney General's opinion was issued, the Department of Assessments and Taxation has continued to enforce its interpretation without any indication by the General Assembly that the interpretation was in error. This acquiescence by the Legislature is indicative that its intent is being carried out.

> "It is well settled that the construction of a law by the agency charged with its enforcement, acquiesced in by the legislature, is entitled to great weight and should not be disregarded except for the strongest and most urgent reasons." *Public Serv. Comm'n v. Howard Res.*, 271 Md. 141, 152; but see *St. Dep't of A. & T. v. Greyhound Comp., supra.*

Doubt no longer exists in our view. The Legislature clearly had no intention of exempting under § 9A (g) boats held as inventory.

Appellant's final contention, that the circuit court erred by refusing it the right to present additional evidence upon appeal from the tax court, is totally without merit. At argument appellant submitted this issue on brief, admitting that it was "not really important." Without regard to its importance, it clearly is not supportable under the applicable statutory law. The Administrative Procedure Act, Md. Code, Art. 41, § 244, et seq., upon which appellant's argument relies, expressly excludes the State Tax

Commission (whose adjudicatory functions were assumed by the Md. Tax Court, Md. Code, Art. 41, § 318) from its provisions. Art. 41, § 244 (a).

This case was transferred from the Court of Appeals to the Circuit Court for Cecil County pursuant to the holding in *Shell Oil Co. v. Supervisor*, 276 Md. 36, 40, that review of tax court cases shall be by circuit court pursuant to Md. Code ((1957), 1969 Repl. Vol.) Art. 81, § 229 (1), which provides, in part:

> "*The circuit court* of the county or the Baltimore City Court of Baltimore City, *shall determine the case upon the record of the Maryland Tax Court* and may affirm, reverse, remand or modify the order appealed from; provided, that, unless such order is erroneous as a matter of law or unsupported by substantial evidence appearing in the record, it shall be affirmed." (Emphasis added).

Appellant had no *right* to produce additional evidence upon appeal to the circuit court.

*Judgment affirmed.*
*Costs to be paid by appellant.*